IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANGHAI HAILIAN ELECTRIC TOOLS CO., LTD., | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:16-CV-1451-D |
| VS. | § | |
| | § | |
| HOME DEPOT INTERNATIONAL, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, defendant Home Depot U.S.A., Inc. ("Home Depot")[1] moves to dismiss under Fed. R. Civ. P. 12(b)(6), contending that plaintiff Shanghai Hailian Electric Tools Co., Ltd. ("SHETC") has failed to state a claim on which relief can be granted. For the following reasons, the court grants Home Depot's motion and also grants SHETC leave to replead.

I

SHETC is a Chinese manufacturer of lighting products.[2] In 2008 SHETC entered into

---

[1]Plaintiff originally named Home Depot International, Inc. ("Home Depot International") as the defendant. The parties later jointly moved to substitute Home Depot as the defendant in place of Home Depot International, alleging that Home Depot is the proper party, and the court granted the motion.

[2]In deciding this Rule 12(b)(6) motion, the court construes SHETC's state court petition in the light most favorable to SHETC, accepts all well-pleaded factual allegations, and draws all reasonable inferences in its favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "The court's review [of a Rule 12(b)(6) motion] is limited to the

Case 3:16-cv-01451-D   Document 20   Filed 10/05/16   Page 2 of 9   PageID 105


a confidentiality agreement with the Brinkmann Corporation and Brinkmann International (Hong Kong) Ltd. (collectively, "Brinkmann") under which SHETC agreed to manufacture outdoor lighting and handheld lighting products for Brinkmann and its affiliates, including Malibu Lighting Corporation ("Malibu"). Beginning in 2009, SHETC began to manufacture outdoor and handheld lighting products for Home Depot.

According to SHETC's state court petition ("petition"), Brinkmann and Malibu would order a specific number of outdoor and handheld lighting units from SHETC using Home Depot's specifications. SHETC would then manufacture, package, and label the goods, and, beginning in December 2011, would ship them directly to Home Depot. Upon shipping the goods, SHETC would issue all international shipping documents—including the bill of lading—directly to Home Depot. Home Depot would then take direct possession of the goods from the port of entry through the Customs warehouse and ship them to Home Depot's various stores for sale. Once Home Depot obtained the goods, it would issue payment to Brinkmann or Malibu. Brinkmann and Malibu would use the proceeds from Home Depot to pay SHETC. SHETC alleges that Brinkmann and Malibu never took possession of the products and never stored, warehoused, or shipped these goods.

In 2014 Home Depot, through Malibu, ordered and was invoiced for $5,377,995.64 in outdoor lighting, which it paid in full. In 2015 Home Depot again placed an order for

---

complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

outdoor lighting.  SHETC contends, however, that Home Depot, "through Malibu," still owes

$3,767,007.10 for outdoor lighting products ordered and shipped to Home Depot in 2015.[3]

Pet. ¶ 7. Malibu filed for bankruptcy in September 2015.

SHETC sued Home Depot in Texas state court, alleging a claim for quantum meruit

and requesting the appointment of an auditor under Tex. R. Civ. P. 172 and an award of

attorney's fees.  Home Depot removed the case to this court and now moves to dismiss,

contending that SHETC's allegations referring to its contract with Brinkmann and Malibu

defeat its quantum meruit claim, and, alternatively, that SHETC has failed to allege the

essential elements of a quantum meruit claim.  SHETC opposes Home Depot's motion.

## II

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all

well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *In re*

*Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby*

*Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive

Home Depot's motion,  SHETC's petition must allege "enough facts to state a claim to relief

that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged."

---

[3]SHETC also alleges that it manufactured $1,048,045.44 worth of lighting products
for Home Depot pursuant to Malibu's order and instructions, and that these goods are still
sitting in SHETC's warehouse.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (brackets omitted) (quoting Rule 8(a)(2)).  Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  And "'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).

III

Home Depot initially moves to dismiss SHETC's quantum meruit claim on the ground that its petition repeatedly refers to its contract with Brinkmann, demonstrating conclusively that there is an express contract covering the products that form the basis for SHETC's claim.  SHETC responds, *inter alia*, that it has only pleaded the existence of the *confidentiality agreement*, and that "NO express[] contract existed regarding the orders for the goods manufactured for, and shipped to, Defendant Home Depot."  P. Br. 2.

- 4 -

A

Under Texas law, the existence of an express contract is an affirmative defense to SHETC's quantum meruit claim, on which Home Depot will have the burden of proof at trial. *Protocol Techs., Inc. v. J.B. Grand Canyon Dairy, L.P.*, 406 S.W.3d 609, 614 (Tex. App. 2013, no pet.) ("The existence of an express contract is an affirmative defense to an equitable claim of quantum meruit or unjust enrichment."); *Tricon Tool & Supply, Inc. v. Thumann*, 226 S.W.3d 494, 502 (Tex. App. 2006, pet. denied) ("In contending that recovery under quantum meruit is precluded, the defendant can assert the affirmative defense that there was a valid, express contract with the defendant covering the supplied services." (citation omitted)). "'Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings.'" *Cochran v. Astrue*, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, C.J.) (quoting *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.)); *see also White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973) (holding that claim is "subject to dismissal under Rule 12(b)(6) . . . when [an] affirmative defense clearly appears on the face of the complaint."). Stated another way, Home Depot is not entitled to dismissal under Rule 12(b)(6) unless SHETC "has pleaded [itself] out of court by admitting to all of the elements of the defense." *Cochran*, 2011 WL 5604024, at *1 (quoting *Sivertson*, 2011 WL 4100958, at *3).

B

The court holds that Home Depot is not entitled to dismissal of SHETC's quantum meruit claim based on the affirmative defense that an express contract covered the lighting products at issue.  In its petition, SHETC alleges:

> Pursuant to the Confidentiality Agreement . . . [Brinkmann] engaged SHETC to manufacture "Outdoor Lighting," and "Handheld Lighting" products for Brinkmann entities. Beginning in early 2009, SHETC began manufacturing and shipping outdoor lighting and handheld lighting goods to Brinkmann and [Malibu], another company incorporated by Mr. Brinkmann to handle all Outdoor Lighting transactions with SHETC.  Beginning in June, 2009, SHETC began manufacturing and shipping Outdoor Lighting and Handheld Lighting goods for Defendant and starting from December [2011], SHETC began shipping all products to Defendant directly.

Pet. ¶ 4.  Although these allegations do mention the existence of a confidentiality agreement ("Agreement") between SHETC and Brinkmann, SHETC does not allege the terms of the Agreement or that the Agreement covered the outdoor lighting and handheld lighting goods that SHETC manufactured and shipped for Home Depot beginning in 2009.  The court therefore concludes that the allegations in the petition do not clearly demonstrate that an express contract covered the lighting products manufactured and shipped to Home Depot in 2015.  Accordingly, Home Depot is not entitled to dismissal of SHETC's claim at the Rule 12(b)(6) stage based on the affirmative defense that an express contract covers the subject matter of SHETC's quantum meruit claim.

- 6 -

IV

Home Depot also moves to dismiss SHETC's quantum meruit claim on the basis that SHETC has failed to plausibly allege the required elements of this claim.

A

"Quantum meruit is an equitable theory of recovery which is based on an implied agreement to pay for benefits received." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) (citing *Vortt Exploration Co. v. Chevron U.S.A.*, Inc., 787 S.W.2d 942, 944 (Tex. 1990)).  "This remedy is based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted.  Recovery in quantum meruit will be had when non payment for the services rendered would result in an unjust enrichment to the party benefited by the work." *MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 975 (5th Cir. 2014) (per curiam) (internal quotation marks omitted) (quoting *Vortt*, 787 S.W.2d at 944).  To recover in quantum meruit, a plaintiff must establish that

> 1) valuable services were rendered or materials furnished; 2) for the person sought to be charged; 3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; 4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged.

*Vortt*, 787 S.W.2d at 944 (quoting *Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985)).

SHETC has alleged that it shipped outdoor lighting to Home Depot in 2015 and that there is an outstanding balance of $3,767,007.10 "owed by [Home Depot] through Malibu."

- 7 -

Pet. ¶ 7.  But SHETC does not allege that it expected to be paid *by Home Depot*, the recipient of the outdoor lighting.  Instead, SHETC alleges that "[s]uch goods were then shipped to the United States where they were obtained from the U.S. port of entry by [Home Depot], who would then directly issue payment to Brinkmann or Malibu, who would then use such proceeds to pay Plaintiff."  *Id*. ¶ 6.  In other words, SHETC asserts that it expected to be paid *by Brinkmann or Malibu* for the goods it shipped to Home Depot (even if Home Depot was the original source of the funds used to pay SHETC).  The allegations of the petition are thus insufficient to support SHETC's quantum meruit claim *against Home Depot*.  Accordingly, because SHETC has failed to plausibly allege the fourth element of its quantum meruit claim, the court holds that Home Depot is entitled to dismissal of this claim.

V

Although the court is dismissing SHETC's quantum meruit claim, it will permit SHETC to replead.  *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal).  Because there is no indication that SHETC cannot, or is unwilling to, cure the pleading defects the court has identified, the court grants it 28 days from the date this memorandum opinion and order is filed to file an amended complaint.  Moreover, SHETC filed this case in state court, under the pleading standards that governed in that forum.  It should be given an opportunity to replead under the federal pleading

- 8 -

standards.  *See, e.g., Hoffman v. L & M Arts*, 774 F.Supp.2d 826, 849 (N.D. Tex. 2011)

(Fitzwater, C.J.) (granting similar relief in removed case), *aff'd in part, rev'd in part on other*

*grounds*, ___ F.3d ___, 2016 WL 5431818 (5th Cir. Sept. 28, 2016).  Accordingly, the court

grants SHETC 28 days from the date this memorandum opinion and order is filed to file an

amended complaint.

\*     \*     \*

For the reasons explained, the court grants Home Depot's motion to dismiss SHETC's

quantum meruit claim under Rule 12(b)(6), and it grants SHETC leave to file an amended

complaint within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

October 5, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE