IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANGHAI HAILIAN ELECTRIC TOOLS CO., LTD., | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:16-CV-1451-D |
| VS. | § § § | |
| HOME DEPOT U.S.A., INC., | § § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Home Depot U.S.A., Inc. ("Home Depot") moves to dismiss plaintiff Shanghai Hailian Electric Tools Co., Ltd.'s ("SHETC's") first amended complaint ("amended complaint")[1] under Fed. R. Civ. P. 12(b)(6) and 9(b) for failure to state a claim on which relief can be granted and failure to plead fraud with particularity, or, alternatively, for partial summary judgment. For the following reasons, the court grants Home Depot's motion to dismiss, does not reach the alternative motion for partial summary judgment, and grants SHETC leave to replead.

I

The background facts of this case are set out in the court's prior memorandum opinion and order. *See Shanghai Hailian Elec. Tools Co. v. Home Depot Int'l, Inc.*, 2016 WL

---

[1]SHETC refers to its amended complaint as an "amended petition." The term "petition" is a Texas term. The court will refer to the pleading by the federal term: "complaint."

5815896, at *1-2 (N.D. Tex. Oct. 5, 2016) (Fitzwater, J.) ("*Shanghai I*"). The court will therefore focus on the allegations of SHETC's amended complaint, which Home Depot challenges in the instant motion.

This is an action by SHETC, a Chinese manufacturer of lighting products, to recover from Home Depot on theories of quantum meruit, unjust enrichment, and fraud. SHETC also makes a request for disclosure under Tex. R. Civ. P. 194 and a claim for attorney's fees under Tex. Civ. Prac. & Rem. Code Ann. § 38.001.

According to SHETC's amended complaint,[2] in 2008 SHETC and Brinkmann Corporation ("Brinkmann") entered into a confidentiality agreement that required that each party keep all information received from the other party confidential. In 2009 SHETC began manufacturing and shipping outdoor lighting and handheld lighting goods for Brinkmann and Malibu Lighting Corporation ("Malibu"), an entity that Brinkmann incorporated to handle all outdoor lighting products. Brinkmann and Malibu started ordering outdoor lighting and handheld lighting goods for Home Depot.

In 2011 SHETC began shipping all products directly to Home Depot. Home Depot ordered a specific number of units of outdoor lighting and handheld lighting goods from

---

[2]In deciding this Rule 12(b)(6) motion, the court construes SHETC's amended complaint in the light most favorable to SHETC, accepts all well-pleaded factual allegations, and draws all reasonable inferences in its favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

SHETC through Malibu and Brinkmann; Home Depot provided specifications and detailed instructions, which required specialized tooling and a manufacturing process implemented by SHETC exclusively for Home Depot; SHETC manufactured, packaged, and labeled the goods pursuant to Home Depot's order specification and instructions; during the manufacturing process, Home Depot directly contacted SHETC regarding manufacturing and shipping requirements, and it periodically inspected SHETC's facilities to confirm that manufacturing was being properly completed and that shipping would be on time; and when shipping the goods, SHETC issued all international shipping documents, including the bill of lading, directly to Home Depot.

SHETC also alleges that Home Depot obtained the goods that SHETC shipped to the United States at the U.S. port of entry. Home Depot issued payment to Brinkmann or Malibu, who would then use these proceeds to pay SHETC. Brinkmann and Malibu never took possession of the products, and never stored, warehoused, or shipped such goods. Home Depot directly possessed the goods from the port of entry though the customs warehouse and shipped the goods to its stores for sale. Home Depot knew, by ordering the product, that SHETC expected payment. And SHETC understood that, by manufacturing and shipping products directly to Home Depot, Home Depot would pay for all goods received.

Despite the fact that there are contracts signed or executed among the parties covering the goods ordered, manufactured, or shipped during calendar year 2014, Home Depot, through Malibu, ordered and was invoiced $5,377,995.64 in outdoor lighting, which was paid

in full. In 2015 Home Depot, through Malibu, ordered outdoor lighting. But as of today, there is an outstanding balance of $3,767,007.10 owed by Home Depot through Malibu for outdoor lighting products ordered and shipped to Home Depot in 2015. There are also goods still sitting in SHETC's warehouse, specially manufactured for Home Depot, with a total value of $1,048,045.44, for which SHETC has no other use and that cannot be resold. These goods were ordered in December 2014, but were never shipped because no payment was received for the goods previously ordered, manufactured, and shipped since February 2015. In summary, SHETC manufactured and shipped goods for and to Home Depot with a total value of $4,815,052.54, expecting to be paid by Home Depot, who has failed and refused to pay such sums due and owing.

SHETC alleges that, at all times, Home Depot was the intended beneficiary of the products manufactured and shipped, although there was no express contract between SHETC and Home Depot. Home Depot determined the specifications of the products; it constantly communicated with SHETC regarding manufacturing and shipping the goods, and made inspections and visits to SHETC's manufacturing and office sites; and SHETC, Brinkmann, and Malibu intended to secure the benefit of the manufacturing of the goods for Home Depot, and arrangement was made specifically for Home Depot's benefit.

After Malibu filed for bankruptcy, SHETC brought this suit against Home Depot[3] in

---

[3]SHETC actually sued Home Depot International, Inc. ("Home Depot International") as the defendant. The parties later jointly moved to substitute Home Depot as the defendant in place of Home Depot International, alleging that Home Depot is the proper party, and the court granted the motion.

Texas state court, alleging a claim for quantum meruit and requesting an auditor under Tex. R. Civ. P. 172, disclosure under Tex. R. Civ. P. 194, and attorney's fees under Tex. Civ. Prac. & Rem. Code Ann. § 38.001.  Home Depot removed the case to this court and moved to dismiss under Rule 12(b)(6).

In *Shanghai I* the court granted Home Depot's motion to dismiss, with leave to replead.  *Shanghai I*, 2016 WL 5815896, at *3-4.  The court held that Home Depot was not entitled to dismissal of SHETC's quantum meruit claim based on the affirmative defense that an express contract covered the lighting products at issue.  *Id.* at *3.  But it held that Home Depot was entitled to dismissal of the quantum meruit claim on the basis that SHETC had failed to plausibly allege all the required elements of the claim.  Concerning the fourth element, the court held that SHETC had not alleged that it expected to be paid *by Home Depot*, the recipient of the outdoor lighting.  Instead, SHETC alleged that the goods in question were shipped to the United States, where Home Depot obtained them from the U.S. port of entry, then directly issued payment to Brinkmann or Malibu, who then used Home Depot's payment to pay SHETC.  The court reasoned that SHETC was alleging that it expected to be paid *by Brinkmann or Malibu* for the goods it shipped to Home Depot (even if Home Depot was the original source of the funds used to pay SHETC), not that it expected to be paid *by Home Depot*.  The allegations of the petition were therefore insufficient to support SHETC's quantum meruit claim *against Home Depot*.  *Id*.

After SHETC filed its amended complaint, Home Depot filed the instant motion to dismiss motion to dismiss or, alternatively, for partial summary judgment.

II

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive Home Depot's motion, SHETC's amended complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (brackets omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting

*Twombly*, 550 U.S. at 555).

III

The court turns first to SHETC's quantum meruit claim.

A

Home Depot moves anew to dismiss this claim, contending that SHETC's amended complaint does not cure the defect that the court identified in *Shanghai I*. Home Depot maintains that the factual allegations of the amended complaint do not establish any notice to Home Depot that SHETC expected to be paid by Home Depot, or that SHETC actually held this expectation; that the amended complaint outlines the same relationships set forth in SHETC's petition (i.e., that SHETC manufactured the products and looked to Malibu or Brinkmann for payment for them, and that Home Depot in turn paid Malibu or Brinkmann for the products); that the amended complaint does not allege a single instance in which Home Depot paid SHETC, such that any expectation of payment by Home Depot could exist; that the amended complaint at best contains allegations that merely recite the elements of its claim and is therefore insufficient under *Iqbal*, especially considering that the allegations of the amended complaint confirm that historically it was SHETC's customer (Brinkmann or Malibu) who paid for the goods; and that even if SHETC had plausibly pleaded facts that could demonstrate that it expected payment from Home Depot, there is nothing in the amended complaint that establishes that Home Depot was on notice of that expectation,

which is a required element of SHETC's claim.[4]

SHETC responds that the amended complaint does not rely on mere legal conclusions but contains a detailed factual account of Home Depot's dealings with SHETC. It posits that the notice element in a quantum meruit claim focuses on what the recipient of the services knew or should have known at the time the services were accepted. SHETC maintains that the amended complaint alleges that all products were specially manufactured for Home Depot pursuant to its specific directions and specifications; all shipping documents were addressed to Home Depot directly, and all goods were shipped to the destination that Home Depot designated; Home Depot sent representatives to visit SHETC's factory regularly to inspect the product lines and production capacities; and, more important, through a third party or not, Home Depot had been paying for all the goods received under the same standard through the same process to SHETC since 2009. SHETC contends that "[t]o imply that [Home Depot] never knew that they need to pay for all goods ordered and received from [SHETC] would just be absurd." P. Br. 4.

---

[4] Home Depot also contends, in the alternative, that it is entitled to partial summary judgment on the ground that SHETC's quantum meruit claim is precluded based on the existence of an express contract that covers the services or materials. The court is not reaching Home Depot's alternate motion for partial summary judgment. First, SHETC has not yet pleaded a plausible quantum meruit claim. Second, N.D. Tex. Civ. R. 56.2(b) limits Home Depot to one summary judgment motion without leave of court. Home Depot may not wish to exhaust its summary judgment options where it is unnecessary to reach this alternative ground.

B

SHETC's amended complaint cures the defect that the court identified in *Shanghai I*. In *Shanghai I* the court held that SHETC's quantum meruit claim was insufficient because the petition did not plausibly plead that SHETC expected to be paid *by Home Depot*. Paragraph 6 of the amended complaint contains this new sentence:

> Defendant knew, by ordering the product, that SHETC expected payment; and it is SHETC's understanding that by manufacturing and shipping products to Defendant directly, Defendant would pay for all goods received.

Am. Compl. ¶ 6. In ¶ 9 of the amended complaint, SHETC now alleges:

> The parties, Plaintiff, Brinkmann and Malibu, intended to secure the benefit of the manufacturing of the goods for Defendant, and arrangement was made specifically for the Defendant's benefit. By manufacturing and shipping all orders directly to Home Depot, Plaintiff expected to be paid by Home Depot, through Malibu or not.

*Id.* at ¶ 9.[5] The amended complaint elsewhere pleads the factual grounds for SHETC's assertion that it expected to be paid by Home Depot based on its manufacturing and shipping activities: starting in December 2011, SHETC began shipping all products to Home Depot directly, *id.* at ¶ 4; Home Depot provided specifications and detailed instructions to SHETC

---

[5]In the petition, this sentence read:

> The parties, Plaintiff and Brinkmann and Malibu, intended to secure the benefit of the production for Defendant, and entered into the agreement directly for the Defendant's benefit.

Pet. ¶ 9.

that required specialized tooling and a manufacturing process implemented by SHETC for Home Depot exclusively, *id.* at ¶ 5; SHETC manufactured, packaged, and labeled the goods pursuant to Home Depot's order specification and instructions, *id.*; during the manufacturing process, Home Depot directly contacted SHETC regarding manufacturing and shipping requirements, *id.*; Home Depot periodically inspected SHETC's facilities to confirm that manufacturing was being properly completed, and that shipping would be on time, *id.*; on shipping the goods, SHETC issued all international shipping documents, including the bill of lading, directly to Home Depot *id.*; the goods were then shipped to the United States, where Home Depot obtained them from the U.S. port of entry, *id.* at ¶ 6; Brinkmann and Malibu never took possession of the products, and never stored, warehoused, or shipped such goods, *id.*; and Home Depot took direct possession of the goods from the port of entry through the customs warehouse and shipped the goods to its stores for sale, *id.* These allegations are sufficient to plausibly plead that SHETC expected to be paid *by Home Depot*.

C

But Home Depot in its motion has pointed out another defect in SHETC's pleading the fourth element of its quantum meruit claim: the valuable services must have been rendered, or materials furnished, "under such circumstances *as reasonably notified the person sought to be charged* that the plaintiff in performing such services was expecting to be paid by the person sought to be charged." *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990) (emphasis added) (quoting *Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985)). The amended complaint does not plausibly plead

- 10 -

that SHETC rendered valuable services or furnished materials under such circumstances as reasonably notified Home Depot that SHETC, in performing such services or furnishing such materials, was expecting to be paid by Home Depot. Although SHETC does make the conclusory allegation that "Defendant knew, by ordering the product, that SHETC expected payment," Am. Compl. ¶ 6, that allegation actually focuses on what *SHETC* understood, because it concludes by asserting "and it is *SHETC's understanding* that by manufacturing and shipping products to Defendant directly, Defendant would pay for all goods received," *id.* (emphasis added). Moreover, the allegations of the amended complaint that do relate to payments made by Home Depot allege that Home Depot placed orders with SHETC through Malibu and Brinkmann, and that Home Depot, on receiving the goods in the United States, "would then issue payment to Brinkmann or Malibu, who would then use such proceeds to pay Plaintiff." *Id.* As Home Depot points out, the amended complaint does not allege that Home Depot ever once paid SHETC directly. Combined with the amended complaint's allegation that Home Depot in fact paid Brinkmann or Malibu for products that SHETC manufactured, it would seem implausible that SHETC rendered valuable services or furnished materials under circumstances that reasonably notified Home Depot that SHETC was expecting to be paid by Home Depot. There is no apparent reason discernible from the amended complaint why a prudent business would under such circumstances pay SHETC rather than Brinkmann or Malibu.

Accordingly, the court holds that SHETC has failed to plead a plausible quantum meruit claim, and it dismisses the claim.

- 11 -

IV

The court now considers SHETC's unjust enrichment claim.

A

Home Depot moves to dismiss this claim on the ground that SHETC has not alleged facts that show that Home Depot obtained products from SHETC by fraud, duress, or the taking of an undue advantage.[6]

SHETC responds that, when a person has been unjustly enriched by the receipt of benefits in a manner not governed by contract, the law implies a contractual obligation upon that person to restore the benefits to the plaintiff; that unjust enrichment demands restitution when a party receiving property or benefits would be unjustly enriched if it were permitted to retain the property or benefits at the expense of another; that Home Depot admits in its motion that unjust enrichment is an appropriate remedy when the plaintiff is seeking recovery from a third party foreign to the original contract but who benefited from its performance; and that allowing Home Depot to retain the products free of charge offends all traditional notions of equity that restitution based on the theory of unjust enrichment seeks to prevent.

B

"A party may recover under the unjust enrichment theory when one person has

---

[6]Home Depot also contends, in the alternative, that it is entitled to partial summary judgment on the ground that SHETC's unjust enrichment claim is precluded based on the existence of an express contract that covers the services or materials. For the reasons explained *supra* at note 4, the court is not reaching this alternate motion for partial summary judgment.

obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). "A key element of unjust enrichment is that the person sought to be charged wrongly secured or passively received a benefit." *Ahmed v. Shah*, 2015 WL 222171, at *5 (Tex. App. Jan.15, 2015, no pet.) (mem. op.) (citing *Villarreal v. Grant Geophysical, Inc.*, 136 S.W.3d 265, 270 (Tex. App. 2004, pet. denied)). "Unjust enrichment is not a proper remedy 'merely because it might appear expedient or generally fair that some recompense be afforded for an unfortunate loss to the claimant[.]'" *Baxter v. PNC Bank Nat'l Ass'n*, 541 Fed. Appx. 395, 398 (5th Cir. 2013) (per curiam) (quoting *Heldenfels Bros.*, 832 S.W.2d at 40). "It is not enough that the person sought to be charged received some incidental benefit." *Ahmed*, 2015 WL 222171, at *5.

SHETC's unjust enrichment claim is alleged in these two paragraphs of its amended complaint:

> 12. Unjust enrichment demands restitution when a party receiving property or benefits would be unjustly enriched if it were permitted to retain the property or benefits at the expense of another. *See Fun Times Ctrs., Inc. v. Continental Nat'l Bank of Fort Worth,* 517 S.W.2d 877, 884 (Tex. Civ. App.—Tyler 1974, writ ref'd n.r.e.).
>
> 13. Allowing Home Depot to retain the benefit of the goods received and sold without paying the Plaintiff manufacturer when funds provided for the cost are available, offends all traditional notions of equity that restitution based on the theory of unjust enrichment seeks to prevent.

Am. Compl. ¶¶ 12-13. SHETC has failed to plead a plausible claim that Home Depot

obtained a benefit from SHETC by fraud,[7] duress, or the taking of an undue advantage. The court therefore dismisses SHETC's unjust enrichment claim.

V

The court now considers SHETC's claim for fraud.

A

Home Depot moves to dismiss SHETC's fraud claim on the grounds that SHETC has failed to plead fraud with the particularity that Rule 9(b) requires and has failed to plead a plausible fraud claim. It maintains that SHETC has (1) failed to identify the speaker of the alleged fraud, (2) offered no date or even narrow range of dates during which time the alleged fraud took place, (3) failed to set forth the content of the alleged statement, and (4) failed to explain why any allegedly fraudulent statement was false when made.

SHETC responds that it has satisfied Rule 9(b) and that it has pleaded a plausible fraud claim.

B

"[S]tate-law fraud claims are subject to the pleading requirements of Rule 9(b)." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338-39 (5th Cir. 2008) (citations omitted). "Rule 9(b) imposes a heightened pleading standard for fraud claims and requires that a party state with particularity facts supporting each element of fraud." *Turner v. AmericaHomeKey*

---

[7]To the extent, if any, that SHETC intends to rely on its separate fraud claim to plead a plausible claim for unjust enrichment, that claim is inadequately pleaded for the reasons explained *infra* at § V(C).

- 14 -

*Inc.*, 2011 WL 3606688, at *2 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.) (citing *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)), *aff'd*, 514 Fed. Appx. 513 (5th Cir. 2013). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Id.* (quoting *Benchmark Elecs.*, 343 F.3d at 724) (internal quotation marks omitted). More colloquially, the plaintiff must plead the "who, what, when, where, and how" of the fraud. *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

Because Rule 9(b) must be "read in conjunction with [Rule] 8 which requires only a short and plain statement of the claim showing that the pleader is entitled to relief," "punctilious pleading detail" is not required. *Steiner v. Southmark Corp.*, 734 F. Supp. 269, 273 (N.D. Tex. 1990) (Fitzwater, J.) (internal quotation marks omitted) (quoting *Landry v. Air Lines Pilots Ass'n Int'l AFL-CIO*, 892 F.2d 1238, 1264 (5th Cir. 1990)). "The court's key concern in assessing a complaint under Rule 9(b) is to determine whether the plaintiff seeks to redress specific wrongs or whether the plaintiff instead seeks the opportunity to search out actionable wrongs." *Garcia v. Boyar & Miller, P.C.*, 2007 WL 2428572, at *4 (N.D. Tex. Aug. 28, 2007) (Fitzwater, J.) (quoting *FDIC v. Gaubert*, No. 3-90-1196-D, slip op. at 7 (N.D. Tex. Sept. 4, 1990) (Fitzwater, J.)).

C

These are the three paragraphs that SHETC alleges in support of its fraud claim:

> 14. Agent's acts of fraud committed in course or scope of employment are binding on principal, though principal did not know of or authorize acts, and though principal derives no benefit from success of fraud. *See Boyd v. Eikenberry*, 99 S.W.2d 701 (Tex. Civ. App.—San Antonio 1936).
>
> 15. Brinkmann and Malibu has been acting as Home Depot's agent to order outdoor lighting and handheld lighting products from Plaintiff. Home Depot determines specifications of the products, the method of shipping, the entry port for the destination and all other details in the order process. All Brinkmann and Malibu did was to act as an agent, place the order for Home Depot and make payments to Plaintiff.
>
> 16. In August 2015, in a meeting with Malibu, Plaintiff found out that starting from the beginning of 2015, Brinkmann and Malibu had already realized that they had no means to pay for the outstanding balance with SHETC, because they have been using Home Depot's payment to SHETC to pay down their own lines of credit so they can continue to operate without filing bankruptcy. However, they have been continuing to order products for Home Depot without disclosing such, and fraudulently induced SHETC to continue to manufacture and to ship products to Home Depot. As a result, Plaintiff suffered damages. Home Depot, as the principal, should be liable for such damages.

Am. Compl. ¶¶ 14-16. These paragraphs, read in conjunction with the balance of the amended complaint, fail to comply with Rule 9(b). They do not specify the particulars of time, place, and contents of the false representations, the identity of any person making a misrepresentation, or what the person (as opposed to Brinkmann or Malibu) obtained thereby. The allegations refer to Brinkmann and Malibu at a general organizational level,

not to a particular person acting within the course and scope of his employment with Brinkmann or Malibu.

The court therefore dismisses SHETC fraud claim based on its failure to comply with Rule 9(b).

VI

Finally, Home Depot moves to dismiss SHETC's request for disclosure under Tex. R. Civ. P. 194, and its claim for attorney's fees under Tex. Civ. Prac. & Rem. Code Ann. § 38.001. In response, SHETC does not address Home Depot's contention that Tex. R. Civ. P. 194 does not apply in federal court, and it maintains that it is entitled to recover attorney's fees.

The court dismisses SHETC's request for disclosure under Tex. R. Civ. P. 194 because it is a Texas procedural rule, and SHETC has made no attempt to explain how it applies in federal court.

The court dismisses SHETC's claim for attorney's fees because its other claims are being dismissed, so there is no predicate claim that has survived and supports a fee award.

VII

The court grants SHETC leave to file a second amended complaint. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid

- 17 -

dismissal).  Two of SHETC's claims are being dismissed today for the first time, and SHETC has gotten closer to pleading a claim for quantum meruit.  Because there is no indication that SHETC cannot, or is unwilling to, cure the pleading defects the court has identified, the court grants it 28 days from the date this memorandum opinion and order is filed to file a second amended complaint.

\*   \*   \*

For the reasons explained, the court grants Home Depot's motion to dismiss, does not reach the alternative motion for partial summary judgment, and grants SHETC leave to file a second amended complaint within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

February 13, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE