IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SHANGHAI HAILIAN ELECTRIC §
TOOLS CO., LTD., §
 §
      Plaintiff, §
 § Civil Action No. 3:16-CV-1451-D
VS. §
 §
HOME DEPOT U.S.A., INC., §
 §
      Defendant. §

MEMORANDUM OPINION
AND ORDER

Defendant Home Depot U.S.A., Inc. ("Home Depot") moves to dismiss plaintiff Shanghai Hailian Electric Tools Co., Ltd.'s ("SHETC's") second amended complaint under Fed. R. Civ. P. 12(b)(6) and 9(b) for failure to state a claim on which relief can be granted and failure to plead fraud with particularity. For the reasons explained, the court grants the motion and dismisses this action with prejudice by judgment filed today.

I

The background facts of this case are set out in two prior memorandum opinions and orders and need not be repeated at length. *See Shanghai Hailian Elec. Tools Co. v. Home Depot U.S.A., Inc.*, 2017 WL 588656, at *1-2 (N.D. Tex. Feb. 13, 2017) ("*Shanghai II*"); *Shanghai Hailian Elec. Tools Co. v. Home Depot Int'l, Inc.*, 2016 WL 5815896, at *1-2 (N.D. Tex. Oct. 5, 2016) (Fitzwater, J.) ("*Shanghai I*"). Home Depot, through Brinkmann Corporation ("Brinkmann") and Malibu Lighting Corporation ("Malibu"), ordered over $4.8 million in outdoor lighting products from SHETC in 2015. According to the second

amended complaint, SHETC manufactured and shipped these products for and to Home Depot, allegedly expecting to be paid by Home Depot, but Home Depot has failed and refused to pay the amount SHETC claims is due and owing.[1]

In *Shanghai II* the court dismissed SHETC's quantum meruit, unjust enrichment, and fraud claims against Home Depot, holding that SHETC had failed to plead a quantum meruit claim because it did not plausibly allege facts demonstrating that Home Depot was "reasonably notified" that SHETC expected to be paid by Home Depot, *Shanghai II*, 2017 WL 588656, at *4-5; that SHETC had failed to plead an unjust enrichment claim because it did not allege that Home Depot obtained a benefit from SHETC by fraud, duress, or the taking of an undue advantage, *id.* at *5-6; and that SHETC had failed to plead its fraud claim with the specificity required by Rule 9(b), *id.* at *6-7. The court, however, granted SHETC leave to amend.

SHETC timely filed a second amended complaint, alleging claims for quantum meruit, unjust enrichment, fraud and civil conspiracy, and constructive trust. Home Depot moves under Rules 12(b)(6) and 9(b) to dismiss SHETC's second amended complaint with prejudice.

---

[1]Malibu and Brinkmann filed for bankruptcy on October 8, 2015. Home Depot contends that SHETC has asserted claims against the Malibu bankruptcy estate totaling almost $8 million and that Home Depot is also a creditor of the Malibu estate, and has asserted claims of its own for nearly $6 million.

II

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive Home Depot's motion, SHETC's second amended complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (brackets omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting

*Twombly*, 550 U.S. at 555).

III

The court begins with SHETC's quantum meruit claim.

A

Home Depot moves to dismiss SHETC's quantum meruit claim on the ground that SHETC's second amended complaint does not cure the fatal deficiency the court identified in *Shanghai II* (i.e., SHETC did not allege facts demonstrating that Home Depot had notice that SHETC expected to be paid by Home Depot), or plausibly allege any facts that would put Home Depot on notice that SHETC expected to be paid directly by Home Depot for goods SHETC sold to Malibu and Brinkmann. It argues that although SHETC has added allegations relating to the delivery of its products directly to Home Depot, none of its newly-pleaded facts establishes that Home Depot was on notice that SHETC was looking to Home Depot (as opposed to Brinkmann, Malibu, or their bank) for payment. SHETC responds that it has pleaded sufficient facts to meet all of the elements of its quantum meruit claim.

B

As this court stated in *Shanghai II*, a quantum meruit claim requires that "the valuable services must have been rendered, or materials furnished, 'under such circumstances *as reasonably notified the person sought to be charged* that the plaintiff in performing such services was expecting to be paid by the person sought to be charged.'" *Shanghai II*, 2017 WL 588656, at *4 (quoting *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990)). SHETC alleged in its amended complaint that Home Depot placed orders

- 4 -

with SHETC through Malibu and Brinkmann, and that Home Depot, on receiving the goods in the United States, "would then issue payment to Brinkmann or Malibu, who would then use such proceeds to pay Plaintiff." Am. Compl. ¶ 6. SHETC omits this allegation from its second amended complaint and instead asserts that "by accepting the FOB price provided by its supplier SHETC, Home Depot is well notified and knew that for all SHETC's direct import orders, SHETC expects to be paid by Home Depot after shipment." 2d Am. Compl. ¶ 10. This conclusory allegation is insufficient to cure the pleading defect identified in *Shanghai II* because SHETC has still not plausibly pleaded that Home Depot knew that SHETC expected to be paid by Home Depot, as opposed to Brinkmann or Malibu. Although SHETC has omitted from its amended complaint its allegation that Home Depot would issue payment *to Brinkmann and Malibu*, who would then use such proceeds to pay SHETC, it now attaches Exhibit "B," in which Brinkmann's president states that Home Depot's bank "will pay both Malibu and ERA for the upcoming direct import orders," and that Home Depot's bank "will issue payment at the same time that *Malibu gets paid by* [*Home Depot*]." 2d Am. Compl. at Ex. B (emphasis added). It is unclear what entity "ERA" refers to, but even assuming that it refers to SHETC, there is no indication in the second amended complaint that Home Depot ever paid or intended to pay SHETC directly for any of the lighting products Home Depot ordered through Brinkmann and Malibu. Instead, Exhibit B makes clear that Home Depot was to pay Malibu. The court held in *Shanghai II* that

> the amended complaint does not allege that Home Depot ever once paid SHETC directly. Combined with the amended complaint's allegation that Home Depot in fact paid Brinkmann or Malibu for products that SHETC manufactured, it would seem implausible that SHETC rendered valuable services or furnished materials under circumstances that reasonably notified Home Depot that SHETC was expecting to be paid by Home Depot. There is no apparent reason discernible from the amended complaint why a prudent business would under such circumstances pay SHETC rather than Brinkmann or Malibu.

*Shanghai II*, 2017 WL 588656, at *4. For the reasons explained in *Shanghai II*, the court dismisses SHETC's quantum meruit claim.

## IV

The court next addresses SHETC's claim for unjust enrichment.

### A

Home Depot moves to dismiss SHETC's unjust enrichment claim, contending that SHETC has not alleged facts that show that Home Depot obtained products from SHETC by fraud, duress, or the taking of an undue advantage, and has not alleged that Home Depot failed to pay Malibu or Brinkmann for any products that Home Depot actually received.[2] SHETC responds that it has a valid claim because, in its second amended complaint, it has alleged that Home Depot committed fraud and conspiracy to fraud, both as the principal of Brinkmann and Malibu and by having superior knowledge but acquiescing to Brinkmann and

---

[2]Home Depot also argues that SHETC's prior judicial admissions as to the existence of a contract defeat SHETC's quantum meruit and unjust enrichment claims. Because the court is dismissing SHETC's quantum meruit and unjust enrichment claims on other grounds, it need not address Home Depot's argument.

Malibu's fraudulent accounting and payment practice.  SHETC therefore maintains that Home Depot derived benefits from SHETC by taking an undue advantage.

B

"A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).  SHETC has not plausibly alleged that Home Depot obtained a benefit from SHETC by fraud, duress, or the taking of an undue advantage.  In its second amended complaint, SHETC alleges that

> Home Depot, knowing that Brinkman[n] and Malibu had been using SHETC's proceeds to pay down their diminishing credit line and their difficult financial conditions, still continued to assign proceeds to them until the relationship is terminated. And such termination was never disclosed to SHETC. Therefore, Home Depot retained the benefit of the goods received by taking an undue advantage of SHETC.  And to allow them not to pay the Plaintiff manufacturer when funds provided for the costs are available, offends all traditional notions of equity that restitution based on the theory of unjust enrichment seeks to prevent.

2d Am. Compl. ¶ 16.  These allegations plead, at most, that *Brinkmann and Malibu* took undue advantage of SHETC and that Home Depot was aware of this.  SHETC has not alleged, however, that *Home Depot* took any undue advantage.  For example, SHETC does not assert that Home Depot failed to pay Brinkmann or Malibu for any of the lighting products it received,[3] or that Home Depot in any way benefited from Brinkmann and

---

[3]In fact, SHETC specifically alleges that Home Depot "continued to assign proceeds to [Brinkmann and Malibu] until the relationship is terminated."  2d Am. Compl. ¶ 16.

Malibu's failure to remit payment to SHETC. Allegations that Home Depot merely knew that Brinkmann and Malibu were not remitting payment to SHETC, or that Home Depot continued to pay Brinkmann and Malibu for the lighting products it received despite such knowledge, do not plausibly plead that Home Depot defrauded SHETC or that it obtained a benefit from SHETC by fraud, duress, or the taking of an undue advantage.

To the extent SHETC is attempting to use an agency theory to hold Home Depot (as principal) liable for Brinkmann and Malibu's failure (as agents) to remit payment to SHETC—assuming such a theory is applicable in the context of a claim for unjust enrichment—SHETC has not plausibly alleged that Brinkmann or Malibu was Home Depot's agent. "Under Texas law, [a]gency is the consensual relationship between two parties when one, the agent, acts on behalf of the other, the principal, and is subject to the principal's control." *Akerblom v. Ezra Holdings Ltd.*, 848 F.Supp.2d 673, 690 (S.D. Tex. 2012) (alteration in original) (citations omitted), *aff'd*, 509 Fed. Appx. 340 (5th Cir. 2013). As a general proposition, Texas law does not presume agency, and, when claiming agency, the alleging party has the burden of proving its existence. *Buchoz v. Klein*, 143 Tex. 284, 184 S.W.2d 271, 286 (1944). A principal is liable for the acts of its agent when "the agent has actual or apparent authority to do those acts or when the principal ratifies those acts." *Spring Garden 79U, Inc. v. Stewart Title Co.*, 874 S.W.2d 945, 948 (Tex. App. 1994, no writ) (citations omitted). Actual authority arises when the principal intentionally confers authority upon an agent, or intentionally allows the agent to believe it has authority, or by want of due care allows the agent to believe itself to possess authority. *Id.* Apparent authority arises

when a principal's conduct would lead a reasonably prudent person to believe that the agent possessed the authority to act on behalf of the principal. *See Maccabees Mut. Life Ins. Co. v. McNiel*, 836 S.W.2d 229, 232-33 (Tex. App. 1992, no writ).

In support of its agency theory, SHETC alleges:

> Brinkmann and Malibu represented and has been acting as Home Depot's agent to order outdoor lighting and handheld lighting products from Plaintiff. Home Depot determines specifications of the products, the method of shipping, the entry port for the destination and all other details in the order process. All Brinkmann and Malibu did was to act as an agent, place the order for Home Depot and make payments to Plaintiff. Further, as the email in Exhibit "B" disclosed, Home Depot assigned all proceeds payable to SHETC to Brinkmann and Malibu once the goods got shipped, instead of paying them directly as suppliers and vendors as Home Depot alleged.

2d Am. Compl. ¶ 18. These allegations are insufficient to plausibly plead that Malibu or Brinkmann acted with actual or apparent authority or was otherwise subject to Home Depot's control. Accordingly, the court dismisses SHETC's unjust enrichment claim.

V

The court now turns to SHETC's claim for fraud and civil conspiracy.

A

Home Depot moves to dismiss SHETC's claim for fraud and civil conspiracy on the grounds that SHETC has failed to plead its fraud allegations with the particularity that Rule 9(b) requires and has failed to plead the existence of an agency relationship between Home Depot (as principal) and Brinkmann and Malibu (as agents) such that Home Depot can be held liable for the fraudulent acts of Brinkmann and Malibu. SHETC responds that it has

satisfied Rule 9(b) and pleaded a plausible fraud claim by alleging that Brinkmann and Malibu are Home Depot's agents and by "specifically assert[ing] Brinkmann's representation in the meeting of August, 2015 which has sufficient facts to show that Brinkmann had been holding up SHETC's payment from Home Depot and defrauding SHETC since late 2014." P. Br. 6.

B

1

"[S]tate-law fraud claims are subject to the pleading requirements of Rule 9(b)." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338-39 (5th Cir. 2008) (citations omitted). "Rule 9(b) imposes a heightened pleading standard for fraud claims and requires that a party state with particularity facts supporting each element of fraud." *Turner v. AmericaHomeKey Inc.*, 2011 WL 3606688, at *2 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.) (citing *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)), *aff'd*, 514 Fed. Appx. 513 (5th Cir. 2013). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Id.* (quoting *Benchmark Elecs.*, 343 F.3d at 724) (internal quotation marks omitted). More colloquially, the plaintiff must plead the "who, what, when, where, and how" of the fraud. *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

Because Rule 9(b) must be "read in conjunction with [Rule] 8 which requires only a

short and plain statement of the claim showing that the pleader is entitled to relief," "punctilious pleading detail" is not required. *Steiner v. Southmark Corp.*, 734 F. Supp. 269, 273 (N.D. Tex. 1990) (Fitzwater, J.) (internal quotation marks omitted) (quoting *Landry v. Air Lines Pilots Ass'n Int'l AFL-CIO*, 892 F.2d 1238, 1264 (5th Cir. 1990)). "The court's key concern in assessing a complaint under Rule 9(b) is to determine whether the plaintiff seeks to redress specific wrongs or whether the plaintiff instead seeks the opportunity to search out actionable wrongs." *Garcia v. Boyar & Miller, P.C.*, 2007 WL 2428572, at *4 (N.D. Tex. Aug. 28, 2007) (Fitzwater, J.) (quoting *FDIC v. Gaubert*, No. 3-90-1196-D, slip op. at 7 (N.D. Tex. Sept. 4, 1990) (Fitzwater, J.)).

2

In *Shanghai II* the court held that SHETC's fraud allegations,

> read in conjunction with the balance of the amended complaint, fail to comply with Rule 9(b). They do not specify the particulars of time, place, and contents of the false representations, the identity of any person making a misrepresentation, or what the person (as opposed to Brinkmann or Malibu) obtained thereby. The allegations refer to Brinkmann and Malibu at a general organizational level, not to a particular person acting within the course and scope of his employment with Brinkmann or Malibu.

*Shanghai II*, 2017 WL 588656, at *7. SHETC has not cured this pleading defect in its second amended complaint. It alleges, *inter alia*, that Brinkmann and Malibu each "represented and has been acting as Home Depot's agent to order outdoor lighting and handheld lighting products from Plaintiff," 2d Am. Compl. ¶ 18, and that

- 11 -

> Brinkmann and Malibu, knowing that they have no means to pay SHETC since late 2014, continued to order products for Home Depot without disclosing such, and fraudulently induced SHETC to continue to manufacture and to ship products to Home Depot until August, 2015. Further, they have been using the proceeds from Home Depot for SHETC's goods to pay down their own lines of credit so they can continue to operate without filing bankruptcy. Home Depot, knowing that Brinkmann and Malibu had been using SHETC's proceeds to pay down their diminishing line and their difficult financial condition, continued to place orders through them, and assign proceeds to them until the relationship is terminated and such termination was never disclosed to SHETC until the August meeting.

*Id.* at ¶ 19. These allegations are insufficient to meet the heightened pleading requirements of Rule 9(b). As in *Shanghai II*, SHETC has failed to specify the particulars of time, place, and contents of any false misrepresentation and has failed to plead (other than at a general organizational level) the identity of any person making a misrepresentation. Accordingly, for the reasons explained in *Shanghai II*, the court dismisses SHETC's fraud claim.

C

"The particularity requirement of Rule 9(b) also governs a conspiracy to commit fraud." *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 238 F.Supp.3d 799, 817 (S.D. Tex. 2017) (citing cases); *see also Hernandez v. Ciba-Geigy Corp. USA*, 2000 WL 33187524, at *4 (S.D. Tex. Oct. 17, 2000) ("The weight of Fifth Circuit precedent holds that a civil conspiracy to commit a tort that sounds in fraud must be pleaded with particularity."). Under Texas law, civil conspiracy requires: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more

unlawful, overt acts; and (5) damages as the proximate result. *Apani Sw., Inc. v. Coca-Cola Enters., Inc.*, 300 F.3d 620, 635 (5th Cir. 2002) (quoting *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983)). SHETC has failed to plead its civil conspiracy claim under either the heightened pleading requirements of Rule 9(b) or the pleading standard of Rule 12(b)(6).

SHETC's civil conspiracy allegations consist of the following paragraph:

> Home Depot, Malibu and Brinkmann, acted in concert and conspired together to commit the tortious acts described herein. Accordingly, Home Depot should be held jointly and severally liable for Plaintiff's damages as a result of their actions. Alternatively, Home Depot, as the principal, should be liable for the action of its agents Brinkmann and Malibu.

2d Am. Compl. ¶ 20. SHETC has failed to plead, other than in conclusory terms, the elements required for a civil conspiracy claim. For example, the allegation that Home Depot on the one hand, and Malibu and Brinkmann on the other hand, "conspired together" does not plausibly allege a meeting of the minds, which requires an "intent to participate in the purpose of the conspiracy." *Miller v. Am. Int'l Grp., Inc.*, 2006 WL 740936, at *3 (N.D. Tex. Mar. 14, 2006) (Solis, J.) (quoting *Chevalier v. Animal Rehab. Ctr.*, 839 F. Supp. 1224, 1230 (N.D. Tex. 1993) (Kendall, J.)); *see also Wackman v. Rubsamen*, 602 F.3d 391, 408 (5th Cir. 2010) ("Civil conspiracy requires 'specific intent' to agree 'to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.' 'The parties must be aware of the harm or wrongful conduct at the inception of the combination or agreement.'" (quoting *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996); *Triplex Commc'ns, Inc. v Riley*, 900

S.W.2d 716, 719 (Tex. 1995))). Assuming *arguendo* that SHETC plausibly alleged that the object of the conspiracy was to defraud SHETC, SHETC has not alleged that Home Depot had an intent to agree to participate in this purpose. Accordingly, for at least this reason, the court grants Home Depot's motion to dismiss this claim.

VI

The court now considers Home Depot's motion to dismiss SHETC's request for disclosure under Tex. R. Civ. P. 194, its claim for attorney's fees under Tex. Civ. Prac. & Rem. Code Ann. § 38.001, and its claim for constructive trust. In response, SHETC does not address Home Depot's contentions that Tex. R. Civ. P. 194 does not apply in federal court and that SHETC's constructive trust claim must be dismissed because it is merely a remedy for SHETC's unjust enrichment claim. SHETC does maintain, however, that it is entitled to recover attorney's fees.

As it did in *Shanghai II*, the court dismisses SHETC's request for disclosure under Tex. R. Civ. P. 194 because it is a Texas procedural rule, and SHETC has made no attempt to explain how it applies in federal court. *Shanghai II*, 2017 WL 588656, at *7.

Under Texas law, "[a] constructive trust is an equitable remedy used to prevent unjust enrichment." *Baxter v. PNC Bank Nat'l Ass'n*, 541 Fed. Appx. 395, 398 (5th Cir. 2013) (per curiam) (citing *Everett v. TK-Taito, LLC*, 178 S.W.3d 844, 859 (Tex. App. 2005, no pet.)). "A constructive trust is not a cause of action under Texas law." *In re Moore*, 608 F.3d 253, 263 (5th Cir. 2010). Accordingly, because the court is dismissing SHETC's unjust enrichment claim, it also dismisses SHETC's constructive trust cause of action as a claim

- 14 -

against Home Depot.

The court dismisses SHETC's claim for attorney's fees because its other claims are being dismissed, so there is no predicate claim that has survived and supports a fee award.

VII

In its response, SHETC requests that if the court determines that its pleadings do not sufficiently allege a factual basis to support the challenged causes of actions as pleaded, SHETC be given another opportunity to amend its pleadings. The determination whether to grant leave to replead is a matter within this court's discretion. *See, e.g., ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 362 (5th Cir. 2002). The court has already afforded SHETC two opportunities to rectify the defects in its complaint. Although in *Shanghai I* the court dismissed SHETC's cause of action, it permitted SHETC to replead, in part because courts typically allow plaintiffs at least one opportunity to replead after identifying defects in a complaint. *See Shanghai I*, 2016 WL 5815896, at *4. In *Shanghai II* the court permitted SHETC to replead because two of its claims were being dismissed for the first time, and SHETC had gotten closer to pleading a claim for quantum meruit. *Shanghai II*, 2017 WL 588656, at *7. This time, however, SHETC has already had two fair opportunities to plead sufficient facts in support of its claims and has offered no persuasive reason to conclude that, if afforded still another opportunity to amend, a revised complaint would yield a different outcome. The court in its discretion therefore denies SHETC's request for leave to replead yet again. *See ABC Arbitrage*, 291 F.3d at 362 (concluding that district court did not abuse its discretion by denying leave to replead where court had already given plaintiffs one

opportunity to do so).

* * *

Accordingly, for the reasons explained, the court grants Home Depot's motion to dismiss and dismisses this action against with prejudice by judgment filed today.

**SO ORDERED**.

September 12, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE